FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 2:52 pm, Jul 07, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

VERNON MARCUS COLEMAN,

    Petitioner,

v.

WARDEN LINDA GETER,[1]

    Respondent.

CIVIL ACTION NO.: 2:19-cv-89

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner Vernon Coleman's ("Coleman") failure to comply with the Court's October 21, 2019 Order and this Court's Local Rules. Doc. 7. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Coleman's 28 U.S.C. § 2241 Petition, doc. 1, for failure to follow this Court's Order and Local Rules, **DENY as moot** Respondent's Motion to Dismiss, doc. 12, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Coleman leave to appeal *in forma pauperis*.[2] I **DENY as moot** Coleman's Motion to Stay. Doc. 4.

---

[1]     The only proper respondent in a § 2241 case such as this is the inmate's immediate custodian—the warden of the facility where the inmate is confined. Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004). As Linda Geter is the Warden at the Federal Correctional Institution in Jesup, Georgia, the Court **DIRECTS** the Clerk of Court to update the docket and record of this case to reflect this change. Fed. R. Civ. P. 25.

[2]     A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc.,

**BACKGROUND**

Coleman filed this 28 U.S.C. § 2241 action while he was housed at the Federal Correctional Institution in Jesup, Georgia. Doc. 1. After he paid the requisite filing fee, the Court directed service of Coleman's Petition on October 21, 2019. Doc. 7. By this same Order, the Court advised Coleman to notify the Court of any change in address and warned him that his failure to do so would result in the dismissal of his cause of action. Id. at 2. In addition, this Court's Local Rules provide, "Each . . . *pro se* litigant has a continuing obligation to apprise the Court of any address change." Local R. 11.1.

Respondent filed a Motion to Dismiss and stated Coleman's projected release date was May 4, 2020. Id. at 1. Indeed, Coleman was released from the Bureau of Prisons' custody on May 4, 2020. https://www.bop.gov/inmateloc/, search for Number 61180-019, Coleman, Vernon (last visited July 7, 2020). However, Coleman did not inform this Court of any change in address, as required. Doc. 7 at 2 ("Petitioner is cautioned that, while this action is pending, he shall immediately inform this Court in writing of any change of address. Failure to do so will result in dismissal of this case.").

**DISCUSSION**

The Court must now determine how to address Coleman's failure to comply with this Court's Order and Local Rules. For the reasons set forth below, I **RECOMMEND** the Court

---

678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Coleman that his suit is due to be dismissed. As indicated below, Coleman will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**DISMISS without prejudice** Coleman's Petition and **DENY** Coleman leave to appeal *in forma pauperis*.

I.      **Dismissal for Failure to Follow This Court's Order and Local Rules**

A district court may dismiss a petitioner's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket.[3] Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[4] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[3]     Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the § 2254 Rules may be applied to § 2241 petitions.  Additionally, pursuant to Rule 12 of the § 2254 Rules, the Federal Rules of Civil Procedure may apply to a habeas petition, to the extent the Civil Rules are not inconsistent with the § 2254 Rules.

[4]     In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Coleman his failure to comply with this Court's Order would result in dismissal of this action.  Doc. 7 at 2.

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

With Coleman having failed to update his address, as required, the Court cannot proceed in this case. Moreover, Coleman was given notice of the consequences of his failure to follow the Court's Order, and Coleman has not made any effort to do so. Thus, the Court should

4

**DISMISS without prejudice** Coleman's § 2241 Petition, doc. 1, for failure to follow this Court's Order and Local Rules and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Coleman leave to appeal *in forma pauperis*. Though Coleman has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Coleman's failure to follow this Court's Order, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Coleman *in forma pauperis* status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Coleman's 28 U.S.C. § 2241 Petition, doc. 1, for failure to follow this Court's Order and Local Rules, **DENY as moot** Respondent's Motion to Dismiss, doc. 12, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Coleman leave to appeal *in forma pauperis*. I **DENY as moot** Coleman's Motion to Stay. Doc. 4.

The Court instructs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to mail a copy of this Report and Recommendation to Plaintiff at his last known address and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of July, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA